JOHN F. HATHEWAY, Appellant, v. AMERICAN MINING STOCK EXCHANGE, Respondent, Impleaded with Others.

*Unincorporated association — actions against — upon whom the summons may be served when it has no president or treasurer — Code of Civil Procedure, sec. 1919.*

This action was brought against the American Mining Stock Exchange, " John R. Mullaney, as president or chairman of said exchange," and other persons, trustees of an insurance and gratuity fund of said exchange. The summons and complaint were served upon the exchange by serving the same upon Mullaney. It was alleged in the complaint that the exchange was an unincorporated association composed of about 100 members. A motion having been

made to vacate the service of the summons and complaint, upon the ground that section 1919 of the Code of Civil Procedure only authorized actions against such associations to be brought against their president or treasurer, and that the American Mining Stock Exchange had neither of those officers

*Held,* that the motion should be denied and that the service made upon Mullaney, who was the chairman and presiding officer of the association, was valid.

The object of the provisions of the section, specifying the officers of the association against whom actions are to be brought, was to secure the service of the papers upon the persons who represent the association, and in that way prevent a judgment from being obtained against it without its knowledge. Service upon its·chief officer secures such notice, and no association should be permitted to secure immunity from prosecution by reason of the designation which it adopts for its chief officers and representatives. (BRADY, J.)

APPEAL from an order made at a Special Term vacating and setting aside the service of the summons and complaint herein.

The action was brought against the American Mining Stock Exchange, "John R. Mullaney, as president or chairman of said exchange," and five persons, trustees of the insurance and gratuity fund of said exchange.

The complaint alleged that the exchange was an unincorporated voluntary association, composed of about 100 members. Two copies of the summons and complaint were served upon the defendant Mullaney, one directed to the "American Mining Stock Exchange" and the other to "John R. Mullaney, president or chairman thereof."

*Royal S. Crane,* for the appellant.

*Root & Bartlett,* for the respondent.

BRADY, P. J.:

This action was commenced to effect the dissolution of the American Mining Stock Exchange, the distribution of the insurance and gratuity fund created by and belonging to the members and asking that the trustees be restrained from further acting. Service of the summons was made on John R. Mullaney, and a motion was made to set it aside upon the ground that he was not the president of the exchange, the contention being that under section 1919 of the Code, service must be made on the president or treasurer, and as the officers of the company were a chairman and secretary, the court had no jurisdiction by virtue of the service made.

The point is technical and has no merit. The plaintiff's affidavit shows, and the defendants do not controvert the allegation that Mullaney was practically the president, because he was the presiding officer. If we regard him as chairman it makes him the presiding officer. Such is the definition of Webster and such is the popular acceptation of that term. Being the chairman of the Mining Exchange he is substantially and in legal effect, for the purpose of the service of the summons and complaint, the presiding officer, vested with the authority which such a position confers. Mr. Mullaney therefore being the chairman and the representative as such, was really the chief executive officer, and the chief excutive officer of a company is the person contemplated by the provisions of the Code upon whom the service is to be made.

By section 431 of the Code, providing for the manner in which service of a summons may be made upon a domestic corporation, it is declared by the third subdivision that in any other case than that mentioned in the two preceding subdivisions, which do not apply herein, service may be made by delivering a copy to the president or other head of the corporation; and by section 432 it is provided that personal service of a summons may be made upon the defendant, being a foreign corporation, by delivering a copy of the summons to the president, treasurer or secretary, or if the corporation lacks either of these officers, to the officer performing *corresponding functions under another name.*

It is contended by the respondent that the statutory provisions contained in section 1919 of the Code, to which reference has been made, should be strictly construed, and that they only relate to such associations as have a president or treasurer and expressly designated as such. The various provisions of the Code to which reference has been made, including section 1919, show that that view is not within the letter or spirit of the statute. Whether the chief officer is called president or chairman makes no difference. The object of the provisions referred to is to secure the service upon the person who represents the company or association, and in that way prevent a judgment from being obtained without the knowledge of the association or company proceeded against. Service upon the chief officer secures such notice, and no company or organization should be permitted to secure immunity from prosecution by reason of the

designation of their chief officers who are invested, nevertheless, with due authority and are its representatives.

For these reasons we think the order appealed from should be reversed, with ten dollars costs and the disbursements of the appeal.

DANIELS, J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Order reversed, with ten dollars cost and disbursements.